## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| ROSLYN GRIFFITH and JERRET CAIN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUMER PORTFOLIO SERVICES, | ) | |
| INC, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiffs, Roslyn Griffith ("Griffith") and Jerret Cain ("Cain"), bring this class action complaint against defendant, Consumer Portfolio Services ("CPS"), to stop defendant's practice of making unauthorized phone calls and text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct.

### NATURE OF THE CASE

2.      CPS finances and services new and used retail installment contracts for the purchase of automobiles by sub-prime lenders.

3.      CPS is indefatigable and ruthless in its pursuit to service these loans.

4.      In order to effectuate CPS's aggressive attempts to service these loans, whether the customer's payment is late or not, CPS phones and sends text messages to the cellular phones of its customers, their relatives and acquaintances.

5.      Mr. Cain is a CPS customer.

6.      Ms. Griffith is Mr. Cain's girlfriend and is not a CPS customer.

7.      They both have separate cellular telephone numbers and providers, yet both receive unauthorized phone calls and text messages to their cell phones from CPS regarding Mr.

Cain's loan.

8.      By sending these unauthorized text messages, defendant has caused consumers actual harm because consumers actually have to pay their cell phone providers for the receipt of these text messages.

9.      In order to redress these injuries plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

10.      On behalf of the class, plaintiffs seek an injunction requiring defendant to cease all phone calls and unauthorized text messaging to cell phones and an award of statutory damages to the class, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question) because the claim arises under the TCPA, 47 U.S.C. §227, *et seq.* Venue in this District is proper because plaintiffs reside here and defendant transacts business here.

## PARTIES

12.      Plaintiffs, Roslyn Griffith and Jerret Cain reside in Aurora, Illinois.

13.      Defendant, CPS is a New York limited liability company with CT Corporation located at 208 S. LaSalle St. Ste. 814, Chicago, Il. 60604 as its registered agent in Illinois.

14.      Defendant is an automobile finance institution.

15.      Defendant began operations in 1991 and has purchased over $8.6 billion in contracts. As of April 9, 2010, it has a total managed portfolio of $1.9 billion and approximately 160,000 customers and 875 employees. Defendant's stock is traded on the NASDAQ National

Market System.

## FACTS

16.     In April 2007, Jerret Cain purchased a used vehicle.

17.     The car was financed by CPS for 71 months.

18.     Since April 2007, Mr. Cain routinely made his car payments on time.

19.     Despite this, CPS has been contacting Mr. Cain on his cellular telephone to threaten and harass him before each payment is even due.

20.     CPS has also been contacting Ms. Griffith and threatening and harassing her before each payment is due.

21.     CPS has also been contacting an additional cell phone line of Ms. Griffith's which is used by Ms. Griffith's friend, Daniel Stone.

22.     CPS has also been contacting Mr. Cain's employer, landlord, friends and family and threatening and harassing them before each payment is due.

23.     Ms. Griffith, Ms. Stone, Mr. Cain's family members and other third parties have no relationship with CPA.

24.     CPS' actions against plaintiffs are not isolated incidents.  The internet has dozens of similar complaints against CPS.

25.     Beginning in the months following his purchase of the vehicle, Mr. Cain has told CPS repeatedly not to call him, but the calls continue.

26.     On January 26, 2010, CPS sent a text message to Mr. Cain on his cell phone as follows: "Jerret Cain please call CPS finance ASAP b4 3 pm when your acct is trnsferred 2 anther dept. its very important 2 rectify this matter 2day. Call 866 325 4568".

27.     On January 29, 2010, Ms. Griffith received a nearly identical text message on

her cell phone.

28.    Neither plaintiff agreed to the receipt of text messages from CPS.

### COUNT I - TCPA (CELLULAR CALLS)

29.    Plaintiffs incorporate the above factual allegations herein.

30.    Defendant made unsolicited commercial phone calls to the wireless telephone numbers of plaintiffs and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31.    These phone calls were made without the prior express consent of plaintiffs or the class.

32.    Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

33.    Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiffs and the class.

### CLASS ALLEGATIONS

34.    The class consists of all natural persons whom CPS contacted on their cellular phones by using an automatic dialing system on or before a date 20 days following the filing of this

action and after a date four years prior to the filing of this action.

35.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

36.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the TCPA.

37.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

38.     Plaintiffs will fairly and adequately represent the interests of the class members.  Plaintiffs have retained counsel experienced in TCPA class actions.

39.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

    a.      Statutory damages;

    b.      Attorney's fees, litigation expenses and costs of suit;

    c.      Such other or further relief as the Court deems appropriate.

### COUNT II - TCPA (TEXT MESSAGES)

40.     Plaintiffs incorporate the above factual allegations herein.

41.     Defendant sent unsolicited text messages to the wireless telephone numbers of plaintiffs and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42.     These text messages were sent without the prior express consent of plaintiffs or the class.

43.     Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

44.     Because defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiffs and the class.

## CLASS ALLEGATIONS

45.     The class consists of all natural persons whom CPS sent text messages to their cellular phones on or before a date 20 days following the filing of this action and after a date four years prior to the filing of this action.

46.     The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

47.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's actions violate the TCPA.

48.     Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

49.     Plaintiffs will fairly and adequately represent the interests of the class

members.  Plaintiffs have retained counsel experienced in TCPA class actions.

50.     A class action is superior to other alternative methods of adjudicating this

dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of

plaintiffs and the class members and against defendant for:

      a.     Statutory damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Jerret Cain and Roslyn Griffith, Plaintiffs

/s/ Keith J. Keogh
By their attorney


Keith J. Keogh
Ainat Margalit
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com


**JURY DEMAND**

Plaintiff demands trial by jury.


/s/ Keith J. Keogh

## NOTICE OF ATTORNEY'S LIEN

PLEASE TAKE NOTICE that plaintiffs, Jerret Cain and Roslyn Griffith (hereinafter referred to as Claimants) have placed in our hands for suit or collection a certain suit, claim, demand or cause of action as a result of the actions of the defendant as set out in the attached complaint. You are hereby notified that said Claimants have entered into a contract with us to pay as compensation for services rendered in and about the prosecution of said suit, claim, demand or cause of action, a sum equal to our fees or one-third of any amount recovered by way of suit settlement, adjustment or otherwise plus expenses.

YOU ARE FURTHER NOTIFIED that by virtue of the Attorney's Lien Law of Illinois, Chapter 13, Illinois Revised Statutes, Section 14, as amended, we claim a lien to the extent of our interest, as above set forth in said claim, demand, suit or cause of action, which lien by virtue of said law, attached to any verdict, judgment or order entered and to any money or property which may be recovered on account of such suit, claim, demand or cause of action, from and after service of this Notice.

By:/s/Keith J. Keogh
Attorney for Claimants