**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSLYN GRIFFITH and JERRET CAIN | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10-cv-02697 |
| | ) | |
| CONSUMER PORTFOLIO SERVICES, INC, | ) | Honorable John F. Grady |
| | ) | |
| Defendant. | ) | JURY DEMAND |

### JOINT STATUS REPORT

**I. Initial Status:** Defendant has filed its answer to the complaint.

**II. Status:**

    A. <u>Nature of the Case</u>  Roslyn Griffith ("Griffith") and Jerret Cain ("Cain"), filed this class action complaint against defendant, Consumer Portfolio Services ("CPS"), alleging that CPS had a practice of making phone calls and text message calls to cellular telephones using an "automatic telephone dialing system" in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

    (1) <u>Bases for jurisdiction, nature of the claims and counterclaims</u>.  Jurisdiction is federal question, 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. §227.  There is no counterclaim.

    (2) <u>Major legal issues</u>. Whether CPS's actions are prohibited by the TCPA and whether class certification is appropriate.

    (3) <u>Major factual issues</u>.  Whether CPS made the text messages and cell phone calls in question using an "automatic telephone dialing system," as defined by the TCPA, without the plaintiffs' "prior express consent" as defined by the TCPA.

    (4) <u>Citations to key authorities which will assist the Court in understanding and ruling on the issues</u>. Authorities Cited by Plaintiff: *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Mitchem v. Ill. Collection Serv.*, 2010 U.S. Dist. LEXIS 76581 (N.D. Ill. 2010); *Sengenberger v. Credit Control Servs.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. 2010); *Fed.R.Civ.P. 72 objection overruled in toto*, -- F.Supp.2d –, 2010 WL 308975 (Jan. 13, 2010). Authorities Cited by Defendant:  *Hicks v. Client Services, Inc.*, 2008 WL 5479111 (2008);  *CE Design Ltd. v. Prism Bus. Media, Inc.*, 2009 WL 2496568 (N.D. Ill. 2009); *Pollock v. Bay Area Credit Serv.*, 2009 WL 2475167 (2009); *Leckler v. CashCall, Inc.*, 2008 WL 5000528 (2008) FCC*, In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of ACA International for Clarification and Declaratory Ruling*, 23 F.C.C.R.

559 (2007).

### III. DISCOVERY

The parties have propounded discovery requests. CPS has requested to bifurcate merit and class discovery.

Plaintiffs do not believe that bifurcating class and merit discovery is feasible because the arguments relating to class certification and the arguments relating to the merits of this case are intertwined. For example, plaintiff needs the policy and practice information to prove their individual claims as well as to show how the practice is applied to he class. Similarly, CPS has raised the issue of consent as dispositive to the merits and class certification such that plaintiffs would need discovery relating to such to prove both the merits of the case and to support class certification.

Plaintiffs also contend that bifurcating discovery would require them to take additional out of state depositions for both merit and class discovery.

CPS contends that merits discovery and class action discovery should be bifurcated. CPS contends it has strong defenses to the claims by the plaintiffs and that these claims cannot survive summary judgment. Thus, it is the position of CPS that the court should address those motions for summary judgment before permitting class discovery to proceed. Class discovery, such as the names of persons called over the past four years, or the numbers of calls made over the past four years, would be unduly burdensome for CPS to identify, locate, and produce, and the disclosure of this data would be prejudicial to CPS and its customers. The parties can exchange discovery regarding the plaintiffs' underlying claim without it overlapping with class discovery.

In an effort to seek a compromise the parties have exchanged position on what they believe would be class discovery and what would be individual or merit discovery. At this time, the parties agree as to some categories of discovery, but not others with respect to what is merits and what is class discovery.

    **A.** **If discovery is not bifurcated, the parties would propose the following Draft Scheduling Order:**

    - Rule 26(a)(1) disclosures due September 30, 2010.

    - join other parties and to amend the pleadings: January 30, 2010.

    - discovery cutoff: September 30, 2011

    - Reports from retained experts under Rule 26(a)(2) due from the parties by October 16, 2011, rebuttal reports due by November 16, 2011; depositions of experts completed by January 31, 2012.

-All potentially dispositive motions due by March 1, 2012.

-The parties would request a status conference after a briefing schedule has been entered on any dispositive motion to set a trial date.

The parties request pursuant to Rule 16(b)(5) that the Court order that the parties preserve all electronically or otherwise stored information, including electronically stored information pertaining to the class members' identities.

**B.     If discovery is bifurcated, the parties would propose the following Draft Scheduling Order:**

- Rule 26(a)(1) disclosures due September 30, 2010.

- join other parties and to amend the pleadings: January 30, 2010.

- discovery cutoff for merits discovery May 31, 2011.

- dispositive motions on underlying claims July 31, 2011.

- discovery on class certification begins following court's decision on dispositive motions and will continue for six months thereafter.

- Reports from retained experts under Rule 26(a)(2) due from the parties within 30 days of the close of all other discovery, rebuttal reports due within 60 days of the close of all other discovery; depositions of experts completed within 120 days of the close of all other discovery.

-Motions related to class certification shall be filed within 60 days of the depositions of experts.

-The parties would request a status conference after a briefing schedule has been entered on any dispositive motion to set a trial date.

The parties request pursuant to Rule 16(b)(5) that the Court order that the parties preserve all electronically or otherwise stored information, including electronically stored information pertaining to the class members' identities.

**C. Trial Status**

(1) <u>Whether or not a jury has been requested</u>.  Plaintiff has requested a jury.

(2) <u>Probable length of the trial</u>.  The trial will likely last five to seven days.

**D. Consent to Proceed Before a Magistrate Judge** The parties do not

3

unanimously consent to the jurisdiction of a Magistrate Judge.

### E. Settlement Status

(1) <u>Whether or not settlement discussions have been held and the status of those discussions, if any</u>. The parties have generally discussed the merits of the case in order to facilitate settlement, but have not exchanged any settlement offers. Plaintiffs maintain that they needs class information to make any meaningful settlement offer. Defendant has expressed an interest in discussing settlement of the plaintiffs' claims but is unwilling to discuss settlement on any purported class-wide basis.

Respectfully submitted,

                                                                                                  */s/      Keith J. Keogh*
                                                                                                *Counsel for Plaintiffs*

Keith J. Keogh
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)

Keith@KeoghLaw.com
AMargalit@Keoghlaw.com

                                                                   */s/      Benjamin J. Stone*
                                                                   *Counsel for Defendant*

Benjamin J. Stone, *Pro Hac Vice*
Molly Siebert Eckman, *Pro Hac Vice*
COZEN O'CONNOR
1201 Third Avenue, Suite 5200
Seattle, Washington 98101
bstone@cozen.com
meckman@cozen.com
Ph: 206.373.7237
Fax: 206.621.8783

Gregory D. Hopp
COZEN O'CONNOR
333 West Wacker Drive
Suite 1900
Chicago, Illinois 60606
ghopp@cozen.com
Ph: 312-382-3102
Fax: 312-706-9702

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith J. Keogh and Ainat Margalit
Keogh Law, Ltd.
101 N. Wacker, Dr., Ste. 605
Chicago, IL 60606

By: */s/ Marcella Stone*
Marcella Stone, Legal Assistant to
Benjamin J. Stone, *Pro Hac Vice*