IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSLYN GRIFFITH and JERRET CAIN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CONSUMER PORTFOLIO SERVICES, INC., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Case No.: 1:10-cv-02697 <br><br> JUDGE: JOHN F. GRADY |

## **DECLARATION OF RITA CLEWELL**

Rita Clewell declares and states:

1. I am Systems Manager for defendant Consumer Portfolio Services, Inc. ("CPS"). I am over 18, competent to give testimony, and base this declaration on personal knowledge.

2. CPS is in the auto-finance business. It lends money to consumers who have sub-prime credit scores and are not eligible for financing for car purchases from other sources, such as banks. When the consumers buy the cars, they sign agreements containing the terms of the loan, which typically require them to repay the loan and interest over time, through monthly payments.

3. CPS operates nationwide. It is headquartered in Irvine, California and maintains offices in Illinois, Florida, and Virginia to service the loans in different regions of the country.

4. CPS maintains a computer network for its operations. The servers for the network are in Irvine and employees in the Illinois, Florida, and Virginia offices access the data on the servers through what is known as the wide area network. Information regarding customers – their account numbers, contact information, loan terms, and payment history, among other things – is located in a part of the CPS servers known as the Collections System, in a file known as the Customer Information File. The customer account information in the Customer Information File is stored chronologically, based on the date of the loan.

5. If a customer falls behind in his or her payments, CPS employees in the CPS Collections Department attempt to reach the customer by phone. Given the number of CPS customers, it is not economical or efficient for CPS collectors to manually dial every customer who is in arrears. Instead, each CPS office has a piece of computer hardware – a "dialer" – that dials telephone numbers for the collectors. CPS purchased the dialers in December 2003 from a vendor, Castel, Inc. ("Castel dialer").

6. The Castel dialer is not used to call every CPS customer who is behind on his or her payments. Instead, it is used for "dialing campaigns" and is limited to those customers whose account information satisfies certain CPS criteria for dialing campaigns. My understanding is that the precise policies are not relevant for purposes of this motion but, generally, customers are eligible if they are less than 30 days behind on their payments. On occasion, customers further in arrears may be eligible for a campaign because they meet other criteria set by CPS but, generally, CPS does not use the Castel dialer for customers more than 60 days behind on their payments.

7. Whether to launch a dialing campaign and, if so, who should be called during the campaign, is decided by a supervisor in the CPS Collections Department. The supervisor does not have unfettered discretion in making this decision, but must follow CPS procedures in determining who is eligible for campaigns. The supervisor might decide, for example, that Illinois customers who owe $500 or more and are 21 to 30 days behind should be called during the campaign. Using the CPS software, the supervisor inputs the information necessary for the system to know who will be called during the campaign. The supervisor also tells the CPS system which telephone numbers to call[1] and provides the parameters for predictive dialing, such

---

[1] It is CPS's position that cell phone numbers cannot be called by the dialer because those telephone numbers are placed in special "fields" in the Customer Information File that are not accessible by the Castel dialer. Plaintiffs dispute this claim but this issue need not be resolved for purposes of this motion.

as how fast the calls should be made, how many calls to make at once, and how long the calls should be expected to last.

Sworn to under penalty of perjury this 26TH day of January, 2011.

*Rita Clewell*
Rita Clewell

3