IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSLYN GRIFFITH and JERRET CAIN, | ) |
| Plaintiffs, | ) Case No.: 1:10-cv-02697 |
| v. | ) |
| CONSUMER PORTFOLIO SERVICES, INC., | ) JUDGE: JOHN F. GRADY |
| Defendant. | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION UNDER FRCP 56(f)

### I. INTRODUCTION

In Plaintiffs' Rule 56(f) Motion to Conduct Discovery ("Rule 56(f) Motion"), Plaintiffs seek to significantly extend the deadline for opposing the summary judgment motion filed by defendant Consumer Portfolio Services, Inc. ("CPS") on January 28, 2011. Postponement of that motion is unwarranted and unnecessary, and Plaintiffs' Rule 56(f) Motion should be denied.

The law requires a movant under FRCP 56(f) to identify what discovery is required, why it was not obtained sooner, and why it can defeat summary judgment. But Plaintiffs' Rule 56(f) Motion establishes none of these elements. First, the motion filed by CPS raises a purely legal question, namely whether the CPS dialer used to call Plaintiffs is an "automatic telephone dialing system" under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* Rather than identifying facts that they need to discover, Plaintiffs claim instead that they can defeat the summary judgment motion based on the facts submitted by CPS. By their own admission, then, Plaintiffs need neither any additional discovery nor any additional time to conduct it.

Second, Plaintiffs' general references to a "Castel Integration Manual," which was prepared by Castel, Inc., the manufacturer of the dialer, and a deposition of John Gallagher, a non-party witness and Castel sales representative, fail to establish that postponement is appropriate or warranted. Plaintiffs also do not explain why this discovery is necessary to

respond to the motion for summary judgment. If Plaintiffs needed this discovery, they could have easily obtained it by now. CPS has always maintained that the Castel dialer that it uses does not fall within the scope of the TCPA. Plaintiffs subpoenaed Castel in November, seeking documents regarding the dialer, but then failed to follow up with Castel and obtain any documents, before they conducted the deposition of CPS's expert on February 17, 2011. Plaintiffs in fact argue that the deposition of John Gallagher may <u>not</u> be required to oppose the CPS Motion for Summary Judgment. Tellingly, at the December 29 status conference when the Court set the briefing schedule for the CPS Motion, Plaintiffs did not state that they needed any further discovery to oppose the Motion.

Finally, Plaintiffs contend that a postponement is warranted because the relevant facts are exclusively in the control of CPS. But this assertion is belied by the discovery that Plaintiffs seek - both the Castel Integration Manual and the deposition of John Gallagher – are controlled by a non-party, Castel, Inc.

Thus, because Plaintiffs fail to establish in any respect that postponement of CPS' summary judgment motion is warranted under FRCP 56(f), this Court should deny Plaintiffs' Motion and refuse to extend the deadlines set by this Court on December 29.

## II. <u>STATEMENT OF FACTS</u>

**A.**   **<u>CPS Denied It Used An Automatic Telephone Dialing System From the Outset.</u>**

As the Court will recall, the claims by Plaintiffs in the lawsuit focus entirely on the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. Doc. No. 1. In the Answer it filed on July 7, 2010, CPS denied it violated the TCPA because the dialer it used to call Plaintiffs is not an "automatic telephone dialing system" as defined by the statute. *See* Doc. No. 13. Also, in response to discovery requests served by Plaintiffs, CPS denied its dialer is an "automatic telephone dialing system." *See* Exhibit A to the accompanying Declaration of Benjamin J. Stone in Opposition to Plaintiffs' Rule 56(f) Motion to Compel Discovery (Stone Dec.), at 2-4. At a status conference held on December 29, 2010, counsel for CPS stated CPS's intention to file a motion for summary judgment seeking to dismiss the case on the ground that the dialer it used

2

was not an "automatic telephone dialing system." At the December 29 status conference, the Court set a briefing schedule for the motion for summary judgment. Doc. No. 23. At the conference, Plaintiffs did not state that any further discovery was required, nor did Plaintiffs seek any discovery during the month of December regarding the dialer used by CPS.

### B.     CPS's Early Disclosures of Castel and John Gallagher

On September 29, 2010, CPS served supplemental responses to discovery requests served by plaintiffs, disclosing that the dialer it used was sold to it by a company known as Castel, Inc., and producing approximately 1,000 pages of manuals and other documents from Castel regarding the dialer. Stone Dec., Ex. B, at 2-3, 6-8. The next day, September 30, 2010, CPS served plaintiffs with its Rule 26(a)(1) initial disclosures, disclosing John Gallagher, a sales representative with Castel, as a witness with knowledge and information regarding the dialer. *See* Exhibit C to the Stone Dec. at 2.

### C.     Plaintiffs Serve Subpoena on Castel on November 1, 2010.

On or about November 1, 2010, Plaintiffs served Castel with a subpoena seeking "all records reflecting all equipment, software and maintenance relating to Consumer Portfolio Sercices [*sic*], Inc." *See* Exhibit D to the Stone Dec. On November 9, 2010, counsel for Castel responded to the subpoena, objecting because the subpoena was overly broad, unduly burdensome, and sought documents that were not relevant. *See* Exhibit E to the Stone Dec. Counsel stated, however, that Castel was willing to discuss the production of documents with Plaintiffs that would not impose an undue burden on Castel. *See id.* at 2. But Plaintiffs apparently did not follow up with Castel in any meaningful way until three months later, on or about February 15, 2011, two weeks after CPS filed its motion for summary judgment. *See* Ex. F to the Stone Dec. During those communications Plaintiffs apparently spoke with counsel for Castel about the production of documents as well as a possible deposition for Mr. Gallagher. *See id.* On February 17, 2011, Plaintiffs completed the deposition of the expert retained by CPS to opine on whether the dialer was an "automatic telephone dialing system" under the TCPA, Brian Cutler. Stone Dec. ¶ 8. A few days later, on February 18, 2011, Plaintiffs informed

3

counsel for Castel that they might not be proceeding with the deposition of Mr. Gallagher. *See* Ex. G to the Stone Dec. As of the filing of this opposition, CPS is unaware of any further communications initiated by Plaintiffs with Castel.

### III. ARGUMENT

It is well established that, to obtain postponement of a summary judgment motion under FRCP 56(f), a party must show the following:

- facts indicating a likelihood that evidence exists as to a material fact;
- specific reasons why this evidence was not obtained earlier in the litigation;
- the steps proposed to obtain the evidence; and
- an explanation of how the facts will suffice to defeat the motion for summary judgment.

*See, e.g., Tatum v. San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006); *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006); *Libertarian Party of New Mexico v. Herrera*, 506 F.3d 1303 (10th Cir. 2007); *Lamb's Patio Theatre, Inc. v. Universal Film Exchanges, Inc.* 582 F.2d 1068 (7th Cir. 1978).

In this case, no postponement is required. The motion for summary judgment does not raise any controvertible facts. Instead, the issue here is purely legal, namely whether the Castel dialer is an "automatic telephone dialing system" under the TCPA. Tellingly, at the December 29 status conference, when the Court set the deadlines for briefing of this motion, Plaintiffs did not state that any further discovery was necessary. And in the motion itself, Plaintiffs acknowledge that the motion for summary judgment raises a legal issue. Plaintiffs state:

> it may be the case that even taking the facts as presented by CPS, the dialer it uses is a dialer that is covered by the TCPA such that summary judgment would be a legal argument as to whether a predictive dialer is deemed an autodialer as found by the FCC, which rejected the identical arguments raised by CPS in its motion.

Rule 56(f) Motion at 3.

Plaintiffs raise the deposition of John Gallagher and the need to see the Castel Integration Manual as grounds to postpone the motion, but these arguments fail for a number of reasons. The deposition of John Gallagher does not support Plaintiffs' application since, first and

4

foremost, Plaintiffs admit that it may not be necessary to oppose the motion for summary judgment. Stone Dec., Ex. G ("I am contemplating not taking Mr. Gallagher's deposition in light of the testimony from CPS' expert yesterday and will advise on this issue shortly."). Plaintiffs state they must first obtain the transcript of the deposition of CPS expert Brian Cutler before they can confirm that Mr. Gallagher's deposition is not needed, but they do not state why this is so. Also, since lead counsel for Plaintiffs, Keith Keogh, conducted the deposition, it is unclear why the transcript would be necessary. He knows what Mr. Cutler testified to (hence, the basis for Plaintiffs' assertion that the Gallagher deposition is not needed) and, if a transcript truly was truly necessary, Plaintiffs would have undoubtedly requested it from the court reporter on an expedited basis, well in advance of the deadline for opposing the motion for summary judgment.

In addition, Plaintiffs were not diligent in seeking Mr. Gallagher's deposition. Plaintiffs have known from the outset of this litigation that CPS disputed that the Castel dialer was an "automatic telephone dialing system" under the TCPA and of CPS's intent to file a motion for summary judgment on this issue. Plaintiffs were also aware since September 30, 2010 that CPS considered Mr. Gallagher a witness with respect to the dialer. Yet, they chose not to seek his deposition until February 15, 2011. Postponement of a motion for summary judgment is unwarranted where counsel makes a strategic decision not to pursue certain discovery. *See Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Gieringer v. Silverman*, 731 F.2d 1272, 1288 (7th Cir. 1984); *Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990); *Price v. GM Corp.*, 931 F.2d 162 (1st Cir. 1991). Finally, Plaintiffs do not identify what facts they hope to obtain from Mr. Gallagher that would undercut the motion for summary judgment. Thus, the deposition of John Gallagher is not a basis for delaying the motion for summary judgment.

The production of the "Castel Integration Manual" also fails to support the need for a postponement of the motion for summary judgment. Plaintiffs do not identify what facts could be in the Castel Integration Manual that would defeat CPS's Motion for Summary Judgment. Contrary to what they contend here, Plaintiffs have an idea of what is in the Castel Integration

Manual since it was referenced in the other manuals produced by CPS regarding the Castel dialer. Instead, it appears that Plaintiffs are engaged in a "fishing expedition" in the hope that they will find something that will help them defeat summary judgment. This, however, is insufficient to support a Rule 56(f) application. *See, e.g., Carpenter v. Federal Nat'l Mort. Ass'n*, 174 F.3d 231, 237 (D.C. 1999) (stating merely that "certain information necessary to prepare a response is solely in the possession of moving party" is not enough); *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009) ("bare allegations or vague assertions of the need for discovery are not enough under Rule 56(f)").

Plaintiffs were also not diligent in their efforts to obtain the Castel Integration Manual or, for that matter, any other documents from Castel. Plaintiffs served Castel with a subpoena on November 1, 2010, but failed to pursue the documents when, on November 9, 2010, Castel offered to discuss with Plaintiffs the production of documents potentially relevant to the case that would not impose an undue burden on Castel. Plaintiffs did not pursue this offer with Castel and did not respond to Castel until three months later, on February 15, 2011, after CPS filed its motion for summary judgment. Since, again, courts have held that where a party makes a strategic decision not to pursue discovery, denial of an application under Rule 56(f) is warranted, the fact that Plaintiffs do not have the Castel Integration Manual cannot support their request for a continuance of the motion for summary judgment.[1]

Finally, Plaintiffs contend that a postponement is warranted because the relevant facts "are exclusively in the control of the opposing party." Rule 56(f) Motion at 4. This is untrue and belied by Plaintiffs' own motion, since the only discovery identified by Plaintiffs is from a third party, Castel, Inc.

---

[1] Plaintiffs also make reference to "technical documents on how the autodialer reads the data base information," Rule 56(f) Motion, but does not identify what documents would be needed here, nor is CPS aware of any such documents.

## IV. **CONCLUSION**

Because Plaintiffs fail to satisfy their burden of establishing that postponement is appropriate and warranted under FRCP 56(f), the motion should be denied, and the deadlines for briefing on the motion for summary judgment maintained.

    Respectfully submitted,

    DEFENDANT CONSUMER PORTFOLIO
    SERVICES, INC.


By: */s/ Gregory D. Hopp*
    Gregory D. Hopp
COZEN O'CONNOR
333 West Wacker Drive
Suite 1900
Chicago, Illinois 60606
Telephone: 312.382.3100
Toll Free Phone: 877.992.6036
Facsimile: 312.382.8910

AND

By: */s/ Benjamin J. Stone*
    Benjamin J. Stone, *Pro Hac Vice*
    Molly Siebert Eckman, *Pro Hac Vice*
COZEN O'CONNOR
1201 Third Avenue
Suite 5200
Seattle, Washington 98101
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783