**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSLYN GRIFFITH and JERRET CAIN | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10-cv-02697 |
| | ) | |
| CONSUMER PORTFOLIO SERVICES, INC, | ) ) | Honorable John F. Grady |
| | ) | |
| Defendant. | ) | JURY DEMAND |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiffs respectfully submit the following reply in support of their motion to compel defendant Consumer Portfolio Services Inc. ("CPS") to supplement the responses to document requests 9-18 including producing all communications with Mr. Gallagher who is a third party witness.

**I. COMMUNICATIONS BETWEEN CPS AND CASTEL SHOULD BE PRODUCED**

As an initial matter, while CPS asserts that Mr. Gallagher was previously disclosed, he was disclosed as a salesmen and not an expert on the dialer. He was specifically not disclosed in response to plaintiffs' interrogatories as someone who was responsible for the dialer or had the knowledge which he now purports to have.

In any event, plaintiffs have not received a single document from CPS relating to Mr. Gallagher or anyone at Castel, which is the company that sold CPS the dialer. Plaintiffs' motion to compel seeks all documents and communications relating to Castel and Mr. Gallagher, which includes CPS's attorneys communications as will be discussed in the following section. In other words, the scope of documents sought is broader then just communications between Mr. Gallagher and defense counsel.

It is not plausible that CPS does not have any proposals, e-mails, letters or any documents from the person who claims he has worked closely with CPS since 2001 to install and upkeep CPS's communication system let alone anyone one else at Castel. *See* ¶5 of the Affidavit of Mr. Gallagher attached as *Exhibit 2* to plaintiffs' motion to compel asserting his involvement with CPS.

Because the communications between CPS and Castel/Mr. Gallagher cannot be privileged, they should be produced.

## II. CPS WAIVED ANY PRIVILEGE RELATING TO ITS LAWYERS AND CASTEL

It is well established that "defendants do not get to determine unilaterally the scope and timing of discovery," and objections must not only be appropriate, they must be properly supported through explanation or affidavit. *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D.Ind. 2004); *Hobley v. Burge*, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); vacated on other grounds, 433 F. 3d 946, 947 (7th Cir. 2006); *Josephs v. Harris Corp.*, 677 F. 2d 985, 992 (3rd Cir. 1982)

While CPS spends most of its response brief arguing why the communications between its attorney and the third party witness are privileged, it did not provide a single Seventh Circuit case to refute the controlling case law that unless a privilege log is produced any privilege is waived . Fed. R. Civ. P. 26(b)(5); *Hobley v. Burge*, 433 F. 3d 946, 947 (7th Cir.2006); *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991); see also *Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. Abrahams*, 905 F.2d 1276, 1283 (9th Cir. 1990); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009)(Nolan, J.) Fed.R.Civ.P. 72 objections overruled in toto, 2010 WL 308975 (N.D.Ill. Jan 13, 2010)(Guzman, J.).

So even assuming that CPS is correct, that the communications between third parties and its attorneys are privileged, it has waived any such privilege by refusing to produce a privilege log.

Instead, CPS cites to a single district case from Ohio that asserts that a privilege log is not required as it would have to be continuously updated due to the attorneys communications with his client. This case is inapposite as plaintiffs are not seeking or arguing that a privilege log is required for communications between attorneys and the parties or their agents.

Similarly, the other cases cited by CPS are inapposite. For example, in *BASF Aktiengesellschaft v. Reilly Indus.,* 224 F.R.D. 438, 440 (S.D. Ind. 2004) a privilege log was produced and the issue was whether the designation of privilege was proper. In *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603 (D. Nev. 2005), the opposing party was seeking drafts affidavits between a client and the attorney.

What plaintiffs are seeking in this case are the communications with a third party who has refused to comply with plaintiffs' subpoena to determine the technical aspects of the Castel Dialer and how a supposedly third party can submit an affidavit that is virtually word for word the same as CPS's expert's affidavit, which was drafted by CPS's counsel.

CPS's argument that it does not have to submit a privilege log makes it the final authority on what is privileged when it is this Court that is the final authority. Further, CPS' argument that the log itself would reveal some information is not sufficient to ignore Rule 26 mandate that a privilege log be produced. All privilege logs reveal the time, parties and form/subject of communication. These generic disclosures do not reveal strategy or information and the facts surrounding communications are never privileged. To hold otherwise would render Rule 26(b)(5) meaningless.

Finally, CPS's argument that a privileged log is not required as it would disclose work product is contradicted by its response to the motion to compel. In its response, CPS's attorney

3

submits an affidavit and argued that "This Court ordered that CPS file its motion for summary judgment addressing the position that its dialer is not an "automatic telephone dialing system" under the TCPA, by January 28, 2011. Over the next month, until shortly before the filing of the motion for summary judgment, counsel for CPS communicated with Mr. Gallagher's counsel for CPS communicated with Mr. Gallagher by telephone and by e-mail, discussing how the dialer worked, laying the groundwork for Mr. Gallagher to sign an affidavit in connection with CPS' motion for summary judgment. Stone Dec. at ¶ 8. In addition, counsel for CPS exchanged with Mr. Gallagher drafts of the affidavit to be filed. *Id.*" *See* Doc. 39 at p.3.

Although a privilege log would require CPS to provide the exact dates of these communications, it would not reveal any more and probably less information than CPS disclosed in its response to the motion to compel. Clearly, CPS cannot believe that revealing the above information would provide plaintiffs insight into its legal strategy or allowed plaintiffs to piggy back its research. Because CPS could have easily supplied a privilege log and intentionally chose not to do so even after plaintiffs repeatedly offered CPS an opportunity to do so, it has waived any claim that these communications are privileged. *Hobley*.

### III. CPS HAS NO PRIVILEGE AS TO CASTEL AND GALLAGHER

It is important to note that plaintiffs are not seeking CPS' counsel's notes or communications with employees of CPS or counsel's staff or counsels' notes relating to any third party communication, but just the communications themselves with Castel and Mr. Gallagher who are third-parties. See *Heriot v. Byrne*, 257 F.R.D. 645, 656 (N.D. Ill. 2009) (e-mails between 3rd party and his employer are not privileged nor are e-mails from attorney to 3rd party privileged).

It is also important to note that CPS concedes in its response that plaintiffs can obtain this

information from Castel. *See* Doc. 39 at 7. Putting aside Castel's lack of cooperation *with* plaintiff[1], the fact that even CPS concedes that a third party must turn over these documents illustrates that these documents are not privileged.

### IV. THERE IS A SUBSTANTIAL NEED FOR THE COMMUNICATIONS

Even if there is a work product privilege attached to the communications and the Court holds that CPS has not waived the privilege, "[t]he privilege is not absolute. It can be rebutted 'if the party seeking production demonstrates both a substantial need for the materials and that it would suffer undue hardship in procuring the requested information some other way.'" *BASF Aktiengesellschaft* at 441.

In this case, plaintiffs are seeking communications with a third party who has refused to comply with plaintiffs' subpoena in order to determine how the Castel Dialer is integrated into the CPS communication system and how a supposedly third party can submit an affidavit that is virtually word for word the same as CPS's expert's affidavit, which was drafted by CPS's counsel. While plaintiffs can retain counsel in Buffalo, New York to file a complaint to enforce the subpoena, it would impose an undue cost and hardship for plaintiffs to do so when the documents are readily available from CPS.

Alternatively, if this Court is not inclined to find that CPS waived any privilege and that plaintiff has not shown substantial need for these documents, it should take the next step and examine the documents in camera to determine if they are in fact privileged, especially as CPS has

---

[1] CPS is incorrect in its musings that plaintiff dropped the matter with Castel. Instead, plaintiffs have sent a e-mail and made several telephone calls to Castel's attorney to resolve any objections that Castel has as well as contacted several attorneys in Buffalo, New York to file a complaint to enforce the subpoena.

5

not produced a privilege log. "The responsibility of determining whether the privilege exists rests upon the District Judge and not upon the lawyer whose client claims the privilege.' Where this evidence may be presented only by revealing the very information sought to be protected by the privilege, an in camera inspection of the evidence may be appropriate." *Am. Nat'l Bank & Trust Co. v. Equitable Life Assur. Soc'y of the United States*, 406 F.3d 867, 880 n. 7 (7th Cir. Ill. 2005) quoting *States v. Tratner*, 511 F.2d 248, 252 (7th Cir. 1975) "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *See also In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) "(quoting *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990))).

## V. CONCLUSION

CPS should produce all proposals, e-mails, letters or any documents from Mr. Gallagher relating to the dialer as he claims he has worked closely with CPS since 2001 to install and upkeep CPS's communication system.

CPS should also produce all communications relating to the dialer with third parties, including communication between its attorneys and Castel or Mr. Gallagher as the documents are not privileged and even if they are, CPS has waived any such privilege by not producing a log.

Alternatively, the documents should be produced because plaintiffs have shown substantial need for the information and it cannot be obtained without undue cost.

Finally, to the extent that the Court finds substantial need has not been shown, it should conduct an in camera inspection to determine if the documents are privileged.

                                          Respectfully submitted,

                                          /s/ Keith J. Keogh
                                          Plaintiffs' attorney

Keith J. Keogh
Craig Shapiro
Ainat Margalit
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606
312.726.1092/312.726.1093 (fax)
Keith@KeoghLaw.com

## CERTIFICATE OF SERVICE

    I, Keith J. Keogh, hereby certify that on March 9, 2011, I caused to be filed and served to counsel of record the foregoing document with the Clerk of the Court using the CM/ECF System.

                                          s/ Keith J. Keogh