CE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRET CAIN individually and on behalf of all other similarly situated, | ) Case No. 10-cv-02697 |
| | ) |
| | ) |
| Plaintiffs, | ) **ORDER GRANTING FINAL** |
| | ) **APPROVAL OF CLASS-ACTION** |
| v. | ) **SETTLEMENT AND FINAL** |
| | ) **JUDGMENT** |
| CONSUMER PORTFOLIO SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

This matter came on for hearing on June 14, 2012. The Court has considered the Stipulation and Settlement Agreement (the "Stipulation"), pleadings filed with respect to the proposed settlement, the record, the evidence presented and the arguments and authorities presented by counsel. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court adopts the terms and definitions in Section I of the Stipulation, which are set forth in Exhibit A hereto.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Class Members.

3.      The Court finds that the Class Notice provided to the persons in the Settlement Class pursuant to the Preliminary Approval Order and the Stipulation constitute the best notice practicable under the circumstances to all persons in the Settlement Class and fully complied with the requirements of due process of all applicable statutes and laws.

4.      The Court hereby adopts and approves the Stipulation, and finds that it is in all respects fair, reasonable, adequate, just and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law, and in the best interests of the Parties and the Class Members.

5.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Settlement Class as finally certified shall consist of:

> persons who were customers of CPS where CPS made a telephone call to a cellular phone number with an Illinois area code using its predictive dialer mechanism after April 30, 2006 but before June 20, 2009 in connection with that person's account and express prior consent to call that cellular phone number is not shown in CPS's records by either (a) a notation in the field utilized by CPS to track express prior consent, or (b) the customer providing that cellular phone number in association with the origination of that customer's account.

Persons who have previously released CPS from the claims asserted on behalf of the Settlement Class by the Class Representative in this Action or who have been discharged in a bankruptcy proceeding subsequent to the accrual of any claim they may have possessed which is asserted in

this Action by the Class Representative on behalf of the Settlement Class are excluded from the Settlement Class.

6.    This Court now finds and concludes that:

(a)    the Class Members are so numerous that joinder of all of them would be impracticable;

(b)    there are questions of law and fact common to the Class Members, which, as to the settlement and all related matters, predominate over any individual questions;

(c)    the claims of the Plaintiff are typical of the claims of the Class Members;

(d)    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class Members at all times; and

(e)    a class action is superior to other available methods for the fair and efficient adjudication of the Action, considering:  (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

7.    Except as to any individual claim of those persons who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses  the Action on the merits and with prejudice and without costs (except as otherwise provided in the Stipulation).

8.    Class Counsel's motion for an award of attorneys' fees and expenses is approved in the amount of $363,000.00 and shall be paid by CPS in the time and manner set forth in the Stipulation.

9.    Class Counsel's motion for a class representative incentive award is approved in the amount of $5,000.00 and shall be paid by CPS in the time and manner set forth in the Stipulation. The Court also approves the additional relief provided to the Class Representative under the terms of the Stipulation.

10.    CPS has filed documents with this Court to show compliance with 28 U.S.C. § 1715(b), to provide notice to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA"). The Court finds that CPS has complied with this statute.

11.    All rights and duties under any contract between CPS and any Class Member shall continue and those contracts shall remain valid and in full force and effect. This Judgment in no way alters or amends any provision of any contract between CPS and any Class Member.

12.    The Action is dismissed with prejudice, subject to the Court's retention of continuing jurisdiction as set forth in this Judgment, provided that such dismissal shall not affect or impair the obligations of the Parties under the Stipulation.

13.    Notwithstanding the dismissal of the Action, this Court retains continuing jurisdiction over this action, Plaintiff, CPS, all Class Members and the Claims Administrator to determine all matters relating in any way to this Judgment, the Preliminary Approval Order, or the Stipulation, including but not limited to their administration, implementation, interpretation, or enforcement of the Settlement Agreement and the resolution of claim disputes.

14.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution to the Class Members; and (b) all Parties for the purpose of enforcing and administering the Stipulation.

15.    The Clerk of the Court is hereby ordered to enter this Judgment forthwith.

The Judgment is hereby entered on this _____15th_____ day of ___June___, 2012.

DATED: ___4/15/2012___

_Arlander Keys_
The Honorable Arlander Keys

- 4 -